## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| STEPHANIE POWE, Independent Administrator of the Estate of RICK G. ANDERSEN, deceased, )<br>)<br>) | No.<br>8:25cv 894 wfj- N Ha |
| Plaintiff, ) | |
| vs. )<br>) | JURY DEMANDED |
| DUSTIN COLKMIRE #348, CODE SCHOU #375 )<br>FRANCISCO ROSALES #364, JOSHUA SNYDER, )<br>#319, SGT. JUSTIN CARPENTER #350, SGT. )<br>CHRISTOPHER SCHAIRER #341, LT. MATTHEW )<br>LAWSEN #263, UNKNOWN JOHN DOE POLICE )<br>OFFICERS and THE CITY OF PLANT CITY, )<br>a Municipal Corporation, )<br>) | |
| Defendants. ) | APR 14 2025 PM 3:23<br>FILED - USDC - FLMD - TPA |

## COMPLAINT AT LAW

**NOW COMES** STEPHANIE POWE, Independent Administrator of the Estate of RICK G. ANDERSEN, deceased, by and through her attorneys, the LAW OFFICES OF JEFFREY J. NESLUND, and for her Complaint at Law, and pleading in the alternative, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101 and Illinois state law. Federal claims herein are brought pursuant to 42 U.S.C. § 1983 for the deprivation of RICK G. ANDERSEN's Constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

1



2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Middle District of Florida.

3. RICK G. ANDERSEN, deceased, was an individual who at all times relevant hereto, was living in the Middle District of Florida.

4. STEPHANIE POWE is RICK G. ANDERSEN's daughter and Independent Administrator of RICK G. ANDERSEN's Estate.

5. Defendants, DUSTIN COLKMIRE #348, CODE SCHOU #375, FRANCISCO ROSALES #364, JOSHUA SNYDER, #319, SGT. JUSTIN CARPENTER #350, SGT., CHRISTOPHER SCHAIRER #341, LT. MATTHEW LAWSEN #263, (hereinafter the "DEFENDANT OFFICERS") were at all times material hereto, duly appointed Plant City Police Officers employed by the City of Plant City acting in the capacity of sworn law enforcement officials acting under color of law.

6. Defendant, the CITY OF PLANT CITY (hereinafter the "CITY"), was and is a Florida municipal corporation, duly chartered and organized under the laws of the state of Florida, located entirely within this Judicial District.

2

## FACTUAL SUMMARY

7. On May 7, 2023, the Plant City Police Department received a 911 call that a 71-year-old suicidal male was at the post office and was armed with a weapon.

8. The DEFENDANT OFFICERS were dispatched to post office parking lot of the U.S. Post Office located at 2501 Walden Woods Drive in Plant City Florida.

9. The DEFENDANT OFFICERS encountered RICK G. ANDERSEN who was seated against a chain link fence on the east side of the post office.

10. Defendant, DUSTIN COLKMIRE #348, told responding DEFENDANT OFFICERS to bring their patrol rifles.

11. The DEFENDANT OFFICERS took secured positions away from any potential harm and/or line of fire.

12. The DEFENDANT OFFICERS could see that ANDERSEN inflicted a gunshot wound to himself and was bleeding from his mouth and chin.

13. Defendant, SGT. JUSTIN CARPENTER #350 then instructed Defendant, JOSHUA SNYDER, #319, to get the less lethal bean bag shotgun.

14. Defendant, JOSHUA SNYDER,#319, deployed four (4) beanbag rounds striking ANDERSEN.

15. Defendant, SGT. JUSTIN CARPENTER #350 and other DEFENDANT OFFICERS utilized a ballistic shield and proceeded to approach ANDERSEN to render aid.

3

16.    Defendant, SGT. JUSTIN CARPENTER #350, further instructed Defendant, JOSHUA SNYDER, #319, to fire additional less lethal rounds at RICK G. ANDERSEN.

17.    Despite the fact that RICK G. ANDERSEN had shot himself in the face and less than lethal options were effective, the DEFENDANT OFFICERS discharged their lethal weapons at ANDERSEN .

18.    RICK G. ANDERSEN was shot a total twenty-four (24) times including (1) gunshot wound to the head; ten (10) gunshot wounds to torso; nine (9) gunshot wounds to upper extremities and ten (4) gunshot wounds to lower extremities.

19.    RICK G. ANDERSEN died as a result of multiple gunshot wounds inflicted by the DEFENDANT OFFICERS.

## COUNT I
### (Violations of 42 U.S.C. § 1983)

20.    Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1 through 19 above.

21.    The acts of DEFENDANT OFFICERS were a deliberate and malicious deprivation of RICK G. ANDERSEN's Constitutional rights against excessive force, as guaranteed by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

22.    As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, RICK G. ANDERSEN suffered fatal injuries resulting in her death in violation of 42 U.S.C. § 1983.

4

## COUNT II
### (Florida Wrongful Death Claim)

23.    Plaintiff re-alleges and incorporates by reference, the allegations contained in paragraphs 1 through 19 above.

24.    RICK G. ANDERSEN was pronounced dead on May 7, 2023.

25.    The wrongful death of RICK G. ANDERSEN was proximately caused by conduct of DEFENDANT OFFICERS in violation of the Florida Wrongful Death Act, Fla. Stat. §768.16.

26.    The Plaintiff's decedent, RICK G. ANDERSEN, left surviving the following children as next-of-kin:

(a)    Stephanie Powe (daughter);
(b)    Jennifer Powe (daughter);
(c)    Corryn Powe (daughter);
(d)    Tiffany Perkins (daughter); and
(e)    Albert Powe (son).

27.    The wrongful conduct of DEFENDANT OFFICERS was the direct and proximate cause of RICK G. ANDERSEN's death, severe emotional injuries and damages to his Estate.

28.    As next of kin, RICK G. ANDERSEN's children have lost and will continue to lose, pecuniary support, society, companionship as well as grief and sorrow from the loss of the love and affection of RICK G. ANDERSEN.  The Estate has also incurred funeral and burial expenses as a result of his wrongful death.

29.    The misconduct of DEFENDANT OFFICERS outlined above occurred in the course of their employment as a Plant City Police Officers, such that the CITY OF PLANT CITY is also liable for their actions.

5

## COUNT III
### (Florida Survival Action)

30. Plaintiff re-alleges and incorporates by reference, the allegations contained in paragraphs 1 through 19 above.

31. As a direct and proximate result of the wrongful actions of DEFENDANT OFFICERS, as set forth above, RICK G. ANDERSEN suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as he was dying from the gunshot wounds inflicted by DEFENDANT OFFICERS, subjecting DEFENDANTS to liability pursuant to Fla. Stat. § 46.021, commonly referred to as the Florida Survival Action.

32. The misconduct of the DEFENDANT OFFICERS outlined above occurred in the course of their employment as Plant City Police Officers, such that THE CITY OF PLANT CITY is liable for their actions

## COUNT V
### (Americans with Disability Act Claim)

33. Plaintiff repeats and realleges Paragraphs 1 through 19 as though fully set forth herein.

34. The Americans with Disabilities Act (ADA) prohibits state and local entities, including police departments, from discriminating against any qualified individual with a disability in programs, services, and activities. 42 U.S.C. § 12132.

35. RICK G. ANDERSEN qualified as a disabled person under the ADA as a suicidal individual experiencing a mental health crisis.

6

36. According to a national study of police shootings from 2015 to 2020 by the John Hopkins Center for Gun Violence Solutions and Vanderbilt University published in American Journal of Public Health, incidents in which mental or behavioral health conditions were named in association with police shootings comprised 23 percent (2,404) of all shootings by police. Injuries associated with behavioral health needs were more likely to be fatal. Sixty-seven percent (1,611) of all shootings by police involving someone suffering from a mental or behavioral health episode were fatal. Study of Fatal and Nonfatal Shootings by Police Reveals Racial Disparities, Dispatch Risks | Johns Hopkins | Bloomberg School of Public Health (jhu.edu)

37. Title II of the ADA requires the Defendant CITY to train its officers to investigate citizens in a mental health crisis in a manner reasonably accommodating their disability.

38. The Defendant CITY policymakers failed to institute policies, protocols or training to accommodate disabled individuals in mental health crisis such as RICK G. ANDERSEN by giving the DEFENDANT OFFICERS the training, tools and resources to handle this mental health crisis peacefully without resorting to lethal force.

39. The Defendant CITY'S failure to provide training or modify police policies, practices, and procedures to accommodate mentally disabled individuals in crisis resulted in the discriminatory treatment of RICK G. ANDERSEN as required by the ADA.

40. As a result of the DEFENDANT CITY'S failures to train officers to recognize and reasonably accommodate mentally disabled individuals in crisis, RICK

7

G. ANDERSEN was shot and killed by DEFENDANT OFFICERS in violation of the ADA.

## REQUEST FOR RELIEF

41.    Plaintiff, STEPHANIE POWE, Independent Administrator of the Estate of RICK G. ANDERSEN, deceased, respectfully requests that the Court:

     a.    Enter judgment in Plaintiff's favor and against Defendants;

     b.    Award compensatory damages against Defendants;

     c.    Award attorneys' fees against Defendants;

     d.    Award punitive damages against the individual Defendant Officers;

     e.    Award prejudgment interest and post-judgment interest on any award; and

     f.    Grant such other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, STEPHANIE POWE, Independent Administrator of the Estate of RICK G. ANDERSEN, deceased, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
Jeffrey J. Neslund
Attorney for Plaintiff

8

Jeffrey J. Neslund IL Bar #6215115
Law Offices of Jeffrey J. Neslund
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
Tel: (312) 223-1100
Email: neslundlaw@yahoo.com